USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/12/2023_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JERMAINE ANDERSON, individually and as a representative of a class of similarly situated persons, on behalf of the ADVANCE 401(K) PLAN,

        Plaintiff,

v.

ADVANCE PUBLICATIONS, INC.,

        Defendant.

Case No. 22 Civ. 6826 (AT)

**STIPULATION AND PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among Plaintiff Jermaine Anderson ("Plaintiff") and Defendant Advance Publications, Inc. ("Defendant") hereafter referred to as "the Parties," in the above-captioned action (the "Action"), through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) produced or provided by the Parties or any non-party during discovery in this Action (collectively, "Discovery Material(s)").

      1.    This Stipulation and Order is entered to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential treatment.

2. All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal thereof) and for no other purpose.

3. A Party, non-party, person, or other entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

4. A Party, non-party, person, or other entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

5. A Party, non-party, person, or other entity that designates any Material produced in this Action as "Confidential" shall be referred to herein as the "Designator."

6. "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery responses.

7. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes contains confidential and/or proprietary business or personal information, and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this Stipulation and Order.  Confidential Material may include, *inter alia*, non-public materials containing information related to: financial or business plans, data, or projections; proprietary or trade secret information; proposed plans or strategies; studies or analyses by internal or external experts or consultants; financial or tax data; competitive analyses; organizational charts or lists of personnel; information or documents subject to confidentiality or non-disclosure agreements with third parties; plan participant account data; plan design and/or administration data; other

commercially sensitive or proprietary information; or personal financial information or other confidential personal information.

8. Discovery Material designated "Confidential" shall be referred to herein as "Confidential Discovery Material." A Party may designate a Document other than ESI as Confidential by placing on, or affixing to, the Document a "Confidential" stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp") or, in the case of depositions, as set forth in Paragraph 15, below. A Party may designate ESI as "Confidential" by including a "Confidential" notice in the body of the electronic document or by affixing a Stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI designated as Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") may be designated Confidential without ensuring that every page of such document, when printed, contains the appropriate Stamp. Instead, the Disclosing Party may designate Natively Produced ESI as Confidential by: (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" Stamp; and (b) including "Confidential" on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

9. The Receiving Party may at any time challenge the designation of one or more Discovery Materials on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Designator agrees, it shall promptly notify the Receiving Party that it is withdrawing or changing the designation.

10. The designation of any Discovery Material as Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

11. This Stipulation and Order is without prejudice to the right of any Disclosing Party or Designator to assert that any Discovery Material is subject to any applicable claim of privilege or protection (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

12. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged, and no Party shall have waived or be deemed to have waived any claims or arguments by virtue of the inadvertent production of Discovery Material. To claw back inadvertently produced Discovery Material purportedly protected from disclosure by privilege, the Parties must promptly do as follows:

(a) The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

(b) The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and, within seven (7) days, or such other time as the parties may agree or the Court may order, of receiving such notice, notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

(c) The Receiving Party must take reasonable steps to retrieve the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided, and, within seven (7) days, or such other time as the parties may agree or the Court may order, of receiving such notice, notify the Disclosing Party that they have done so; and

(d) Within fourteen (14) days, or such other time as the Parties may agree or the Court may order, of receipt of the Receiving Party's certification, the Disclosing Party shall provide redacted versions of any of the Discovery Material that contains both privileged and non-privileged information and placeholder images for documents containing exclusively privileged information.  To the extent that privilege logs have already been served, the party shall also supplement its privilege log within fourteen (14) days, or otherwise shall include the Discovery Material on its privilege log to be served at the appropriate time as agreed by the Parties or ordered by the Court.

(e) Notwithstanding the provisions set forth above, if the Receiving Party disputes the Disclosing Party's claim or believes the privilege has been waived for reasons other than the inadvertent production of the Discovery Material in this Action, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall promptly meet and confer.  If the Parties cannot resolve the issue, the Receiving Party may submit the disputed Discovery Material, under seal, to the Court for determination of the claim of privilege.

13. If, during a deposition, a Party claims that Discovery Material being used in the deposition (*e.g.*, a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may at its sole election: (a) allow the Discovery Material

to be used in the deposition without waiver of its claim of privilege; or (b) instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status.  If the Party allows the examination concerning the Discovery Material to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged Discovery Material.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraph to address the claim of privilege, including the notice requirement set forth in Paragraph 12.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat the portion of that transcript relating to the purportedly privileged Discovery Material as Confidential.  If any Party instructs the witness not to answer questions concerning the Discovery Material, the Parties will then cooperate in promptly submitting the issue of the Discovery Material's status to the Court.  If the Discovery Material is ultimately determined not to be privileged, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the Discovery Material, which shall be at the earliest reasonably practicable time for the witness and his or her counsel.

14.     An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document.  If a party, without undue delay, designates a document or testimony as Confidential Information after it was initially produced or given, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document or testimony is treated in accordance with the provisions of this Order. To the extent such information may have been disclosed to anyone not authorized to receive

6

Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.

15. A Disclosing Party may, on the record of a deposition or other pretrial testimony, or within fourteen (14) calendar days after receipt of the transcript thereof, designate any portion or portions of such testimony as "Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition or other pretrial testimony by the Disclosing Party. All copies of transcripts that contain material designated as Confidential Discovery Material shall be bound in separate volumes and prominently marked "Confidential" on the cover thereof. Objections to the designation of Confidential Discovery Material under this Paragraph shall be governed by the procedure set forth in Paragraph 24, below.

16. Each Party shall have the responsibility, through counsel, to advise both the Disclosing Party and the Designator promptly of any compromises of the confidentiality of Confidential Discovery Material. The Party that disclosed the Confidential Discovery Material to a person not authorized under this Stipulation and Order to receive such Confidential Discovery Material shall make commercially reasonable efforts to bind such person to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure: (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the Undertaking Regarding the Stipulation and Agreed Protective Order With Respect to Discovery Materials, which is Exhibit A hereto (the "Undertaking"); (c) make commercially reasonable efforts to retrieve all copies of the Confidential Discovery Material; and (d) notify both the

Disclosing Party and the Designator in writing of the unauthorized disclosure and the identity of such person. If such person executes the Undertaking, a copy of the executed Undertaking shall promptly be sent to the Disclosing Party and the Designator. A Party shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Discovery Material.

17. Subject to any other written agreement among or between the Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Disclosing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, or any purpose related to any new or separate investigation or proceeding or evaluation of new or separate potential claims unrelated to the causes of actions and transactions at issue in this Action. Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

18. Except as otherwise specifically provided in this Stipulation and Order, absent the prior express written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized or otherwise made available to anyone except the following persons:

(a) the named Parties themselves and the employees of a Party to the extent counsel determines in good faith that the person's assistance are reasonably necessary to conduct, supervise, maintain, defend, evaluate, or support the litigation. In the case of Parties that are corporations or other business entities, this shall include employees, officers, directors,

representatives, general partners, limited partners, and affiliates, provided that such persons are assisting the party with this litigation;

(b) the Court and Court personnel, and any appellate court in any appeal of this Action;

(c) the Parties' in-house and outside counsel participating in the prosecution or defense of this Action and their legal, clerical, or support staff, including temporary or contract staff, and outside vendors working under the direct supervision of such counsel who are directly involved in or assisting in this litigation;

(d) professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in this Action;

(e) expert witnesses or consultants who are employed or retained by a Party or its counsel in connection with the prosecution or defense of this Action, provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" as the case may be, by the Party responsible for its creation; and provided further that the experts or consultants read and sign the Undertaking and may not use Confidential Discovery Material to their competitive advantage or for any purpose that does not relate to the above-captioned Action;

(f) deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this Subparagraph (f) shall not be permitted to retain

copies of such Confidential Discovery Material except as otherwise permitted by this Stipulation and Order;

(g) vendors retained by or for the Parties or their counsel to assist in preparing for pretrial discovery, trial, and/or hearings, including jury consultants, outside photocopying, data processing, graphic production services, and litigation support services to assist in this Action, and information technology personnel performing duties in relation to a computerized litigation system, provided such persons read and sign the Undertaking;

(h) any mediator or arbitrator engaged by the named Parties to the Action;

(i) the insurers and reinsurers of the Parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Action, provided they read and sign the Undertaking;

(j) a non-party (including a former officer, director or employee of a Party) who authored or previously received the Confidential Discovery Material through legitimate means not in violation of the terms of this Stipulation and Order; and

(k) any other person agreed to by the Parties in writing.

The terms "counsel" and "expert" in this Paragraph include their respective staff who are involved with, and reasonably necessary to assist, such counsel or expert in connection with this litigation.

19. A Party may change the designation of any Discovery Material that contains Confidential Discovery Material produced by another Disclosing Party without a designation of "Confidential," provided that such Discovery Material contains the upward Designator's own Confidential Discovery Material. Upward designations shall be accomplished by providing written notice to all Parties identifying (by bates number, document identification number,

production number, transcript line and/or page number, or other individually identifiable information) the Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designator shall provide re-labeled copies of the Discovery Material (bearing the same bates numbers or mapped to the original bates numbers, but now stamped "Confidential") to each Receiving Party reflecting the new designation.  The Receiving Party or Parties shall replace the originally designated Discovery Material with the newly designated material and shall destroy the prior version of the material.  Nothing in this paragraph shall prevent a Receiving Party to challenge a Confidential designation as otherwise provided in this Stipulation and Order.

20. All persons to whom Confidential Discovery Material is disclosed pursuant to Subparagraphs 18(a), (c)-(k) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order.  All persons to whom Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 18(e)-(g), (i), or (k) shall be required to execute an Undertaking evidencing their agreement to the terms of this Stipulation and Order in the Form attached as Exhibit A hereto.

21. Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery.  A person with custody of Discovery Material designated Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.  Counsel shall maintain the originals of the Undertakings signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.  Counsel need not disclose who has executed Undertakings during the course of this Action, unless a dispute arises as to the dissemination of Confidential

Discovery Material to persons other than those identified as authorized under this Stipulation and Order, in which case they shall meet and confer about the issue.

22. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material for use in connection with this litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material. Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraph 18.

23. Nothing in this Order shall restrict any Party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Confidential Discovery Material, provided counsel does not disclose its specific contents to unauthorized recipients.

24. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) calendar days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person

to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. If the Disclosing Party fails to provide the party receiving the subpoena with a response within ten (10) business days of receiving written notice, the party receiving the subpoena may then produce the Confidential Discovery Material requested in the subpoena or request. In the event the Disclosing Party informs the party receiving the subpoena that it will seek court protection to prevent the production, the party receiving the subpoena shall not produce any Confidential Discovery Material without prior written consent of the Disclosing Party unless required by an order of a court of competent jurisdiction. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

25. If a Party objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the objecting Party shall notify both the Disclosing Party and the Designator in writing of that objection. Within seven (7) business days of the receipt of such notification, the Designator shall advise the objecting Party whether it will withdraw the confidentiality designation, and if the Designator does not withdraw the confidentiality designation, respective counsel for the Disclosing Party, the Designator, and the objecting Party shall meet and confer within seven (7) business days in an effort to resolve any disagreement regarding the Designator's designation of the Discovery Materials as Confidential. If the Parties do not resolve their disagreement, the objecting party may, within forty-five (45) calendar days

from the date of the notification of objection, move the Court for a ruling on the Designator's designation of the Discovery Materials as Confidential. The Designator shall have the burden of showing that the Discovery Material is Confidential. While any such motion is pending, the Discovery Materials subject to that motion shall continue to be treated as Confidential. If the Receiving Party does not move the Court for a ruling on the Designator's designation of Discovery Materials as Confidential within forty-five (45) calendar days from the date of the notification, the Discovery Materials in question will remain designated as Confidential. Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as Confidential or preventing any Party from seeking further protection for any Discovery Material it produces in discovery.

26.     Filing of Designated Material with the Court. Any party seeking to file redacted or entire documents under seal must obtain prior Court approval in accordance with Rule IV.A of this Court's Individual Practices in Civil Cases. The parties shall meet and confer in an effort to minimize the redaction or sealing request prior to submitting their request to the Court.

27.     Pursuant to Rule IV.A.i of Judge Torres's Individual Practices, Parties may redact the following categories of information without prior Court approval: (i) social security numbers; (ii) names of minor children; (iii) dates of birth; (iv) financial account numbers; (v) home addresses; (vi) personal identifying numbers; (vii) medical records; (viii) employment history; (ix) individual financial information; (x) proprietary or trade secret information; and (xi) information regarding an individual's cooperation with the government. Other redactions require Court approval as provided in Rule IV.A.ii of Judge Torres's Individual Practices, to wit:

>   (1) Any party wishing to file any document under seal or in redacted form shall (1) file on ECF a motion that explains the particular reasons for seeking to file that

information under seal and does not include confidential information sought to be filed under seal, and (2) contemporaneously file under seal the proposed sealed document in the ECF system and electronically relate it to the motion.  Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions; and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted.  Both documents must be electronically filed through the ECF system and related to the motion.

        (2) The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request.  When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

28.     The Parties agree that, if in advance of any hearing, trial, or other in-person court appearance in the Action, a Party requests a meet and confer concerning the potential use of any Confidential Discovery Material at any such hearing, trial, or any other court appearance in the Action, the Parties shall meet and confer concerning such potential use of Confidential Discovery Material in Court, and shall jointly seek guidance from the Court as to the handling of Confidential Discovery Material at any such hearing, trial, or other court appearance.

29.     This Stipulation and Order shall survive the termination of this litigation.  This Court shall retain jurisdiction over enforcement of this Stipulation and Order until the end of this litigation.

30. Within one hundred (100) days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Parties shall take commercially reasonable efforts to see that all Discovery Material shall either be: (a) destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's Discovery Materials have been destroyed; or (b) returned, upon the request of the Disclosing Party. As to those Discovery Materials that constitute counsel's work product or correspondence or were filed with the Court and/or marked as trial exhibits, counsel may retain such Discovery Materials if such counsel otherwise comply with this Stipulation and Order with respect to such retained Discovery Material. Notwithstanding the above, the Court may also retain a copy of any court filings for its records.

31. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own Discovery Materials that it has designated as Confidential pursuant to this Stipulation and Order. In addition, nothing in this Stipulation and Order shall prevent the use or disclosure of Discovery Material that was, is, or becomes public knowledge, not in breach of this Stipulation and Order.

32. A non-party from whom discovery is sought by the Parties to this Action may designate Discovery Materials as "Confidential" pursuant to and consistent with the terms of this Stipulation and Order. Under such circumstances, Discovery Material designated "Confidential" by a non-party shall be afforded the same protections as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Material "Confidential." All obligations applicable under this Stipulation and Order to Parties receiving Confidential Discovery Material shall apply to any Party receiving Confidential Discovery Material from such non-party.

33.    If a non-party produces Discovery Material during the course of this Action that the producing non-party did not designate as "Confidential" but which a Party believes in good faith constitutes or contains the Party's own confidential and/or proprietary business or personal information that satisfies the definition of "Confidential" as set forth in Paragraph 7, the Party may: (1) request that the non-party designate the Discovery Material as "Confidential" at the time of production in the manner specified above; or (2) the Party may itself designate the Material as "Confidential," in which case the Designator shall, within seven (7) business days of receipt of the Discovery Material by the Party-Designator notify counsel for the other Parties of the Designator's intent to designate the Material and provide counsel for the Parties with re-labeled copies of such Discovery Material (bearing the same bates numbers or mapped to the original bates numbers, but now stamped "Confidential") reflecting the new designation.  Upon receipt of re-labeled copies, counsel for the Parties and all other persons who have received undesignated copies of the Discovery Material shall either return such Discovery Material to counsel for the Party-Designator or destroy all such Discovery Materials, copies, and other reproductions thereof.  Discovery Material produced during the course of this Action by any non-party that is not designated "Confidential" may not be disclosed to any third party before the expiration of seven (7) business days from the date upon which such Discovery Material has been received by all Parties, in order to permit any Party-Designator the seven (7) business days provided in this paragraph within which to designate Discovery Material that was not designated by the Disclosing Party.  Objections to the designation of Confidential Discovery Material under this Paragraph shall be governed by the procedure set forth in Paragraph 24, above.

34. In the event that additional persons become parties to this Action, such parties may join this Stipulation and Order by agreeing in writing to be bound by its terms and conditions and upon the unanimous written consent of the Parties to this Stipulation and Order.

35. This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any Discovery Material or other evidence, whether or not it is designated as Confidential, at trial, in briefing or on a hearing concerning any motion (such as a summary judgment motion or class certification motion), or to prejudice or limit in any way the rights of any Party to object to the authenticity, admissibility into evidence, or use of any Discovery Material or other evidence at trial or a hearing.

36. Nothing in this Stipulation and Order shall affect the rights of Parties or non-parties to object to discovery, nor shall it relieve a Party or non-party of its obligation to properly respond or object to discovery requests.

37. This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties, subject to approval of the Court, to modify this Stipulation and Order.

38. This Stipulation and Order may be signed in counterparts.

39. This Stipulation and Order shall take effect when entered as an order by the Court.

DATED: January 11, 2023

| | |
|---|---|
| /s/ Laurie Rubinow<br>James E. Miller<br>Laurie Rubinow<br>MILLER SHAH LLP<br>65 Main Street<br>Chester, Connecticut 06412<br>Tel: 866-540-5505<br>Fax: 866-300-7367<br>jemiller@millershah.com<br>lrubinow@millershah.com | /s/ Alison Douglass<br>Alison Douglass (pro hac vice)<br>Jordan Bock (pro hac vice)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel: (617) 570-1000<br>Fax: (617) 321-4733<br>adouglass@goodwinlaw.com<br>jbock@goodwinlaw.com |
| James C. Shah<br>Alec J. Berin<br>MILLER SHAH LLP<br>1845 Walnut Street, Suite 806<br>Philadelphia, PA 19103<br>Tel: 866-540-5505<br>Fax: 866-300-7367<br>jcshah@millershah.com<br>ajberin@millershah.com | Jaime Santos (pro hac vice)<br>Christina L. Hennecken (pro hac vice)<br>GOODWIN PROCTER LLP<br>1900 N STREET, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 346-4000<br>Fax: (202) 346-4444<br>JSantos@goodwinlaw.com<br>CHennecken@goodwinlaw.com |
| Anna K. D'Agostino<br>MILLER SHAH LLP<br>225 Broadway, Suite 1830<br>New York, NY 10007<br>Tel: 866-540-5505<br>Fax: 866-300-7367<br>akdagostino@millershah.com | *Attorneys for Defendant* |

*Attorneys for Plaintiff, the Plan, and the Proposed Class*

SO ORDERED.

Dated: January 12, 2023
    New York, New York

_____
ANALISA TORRES
United States District Judge