USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE ANDERSON, individually and as a representative of a class of similarly situated persons, on behalf of the ADVANCE 401(K) PLAN,

                Plaintiff,

-against-

ADVANCE PUBLICATIONS, INC.,

                Defendant.

22 Civ. 6826 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Jermaine Anderson, individually and as a representative of a class of similarly situated persons, on behalf of the Advance 401(k) Plan (the "Plan"), brings this class action against Defendant, Advance Publications, Inc.,[1] alleging that, *inter alia*, Defendant breached its fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Am. Compl. ¶ 1, ECF No. 54. Defendant moves to dismiss the amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 62; *see also* Def. Mem., ECF No. 63. For the reasons stated below, Defendant's motion is GRANTED in part and DENIED in part.[2]

**BACKGROUND**[3]

    Plaintiff is a former employee of Defendant, a private New York corporation that "invests in a portfolio of companies across media, entertainment, technology, communications, education

---

[1] On November 17, 2022, the parties stipulated to dismissing the Board of Trustees of Advance Publications, Inc. and the Administrative Committee of the Plan as defendants in this action. ECF No. 37.

[2] Because the Court dismisses the amended complaint in its entirety, Plaintiff's pending motion for class certification under Rule 23, ECF No. 94, is DENIED without prejudice to renewal. Plaintiff's related motion to seal, ECF No. 93, is also DENIED without prejudice to renewal.

[3] The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

and other potential growth sectors," and a former participant in the Plan. Am. Compl. ¶¶ 9–10. Defendant "maintains the Plan," and "is a fiduciary under ERISA." *Id.* ¶ 5. The Plan "is a participant-directed 401(k) plan, meaning participants direct the investment of their contributions into various investment options offered by the Plan." *Id.* ¶ 18. As of December 31, 2020, the Plan had 12,027 participants with account balances and assets totaling approximately $1.50 billion, placing it in "the top 0.1% of all defined contribution plans by plan size." *Id.* ¶ 4.

A target date fund ("TDF") is an "investment vehicle that offers an all-in-one retirement solution through a portfolio of underlying funds that gradually shifts to become more conservative as the assumed target retirement year approaches." *Id.* ¶ 22. Since the adoption of the Plan on April 15, 2011, the Plan has offered the BlackRock LifePath Index Funds ("BlackRock TDFs"), a suite of ten TDFs. *Id.* ¶ 27. Plaintiff alleges that the BlackRock TDFs

> are significantly worse performing, both in terms of total and risk-adjusted returns, than most of the mutual fund alternatives offered by TDF providers, as well as the broader TDF marketplace, and, throughout the [c]lass [p]eriod, could not have supported an expectation by prudent fiduciaries that their retention in the Plan was justifiable.

*Id.* Plaintiff claims that Defendant made "an imprudent decision that has deprived Plan participants of significant growth in their retirement assets" by "elect[ing] to retain the BlackRock TDFs instead" of "cho[osing] from a wide range of prudent alternative target date families offered by competing TDF providers[.]" *Id.*; *see also, e.g.*, *id.* ¶¶ 28, 30–31, 40 n.10. Plaintiff states that Defendant "employed a fundamentally irrational decision-making process . . . [and] breached their fiduciary duties under ERISA[.]" *Id.* ¶ 29. Plaintiff compares the performance of the BlackRock TDFs with that of "six TDFs [that] dominate the market," *id.* ¶ 39; *see generally id.* ¶¶ 36–57, and provides tables showing three- and five-year annualized returns data, *id.* ¶¶ 44, 46–54. Plaintiff alleges that, in light of the BlackRock TDF's

"performance shortcomings," *id.* ¶ 44, and their "underperformance" compared to "the TDF universe" and other performance metrics, Defendant did not "act[] consistent with . . . the minimum fiduciary standards of care," *id.* ¶ 57.[4]

Plaintiff commenced this action on August 10, 2022. ECF No. 1. Defendant filed a motion to dismiss the complaint on January 6, 2023. ECF No. 42. Plaintiff filed an amended complaint on January 27, 2023. Am. Compl.; *see also* ECF No. 58 (permitting Plaintiff to file his amended complaint). Plaintiff brings causes of action for breach of fiduciary duty under ERISA §§ 404(a)(1)(A), (B), and (D), 29 U.S.C. §§ 1104(a)(1)(A), (B), and (D); failure to monitor fiduciaries and co-fiduciary breaches; and, in the alternative, knowing breach of trust. Am. Compl. ¶¶ 77–93. Plaintiff seeks both damages and equitable relief. *Id.* at 51. Defendant filed its motion to dismiss the amended complaint on February 16, 2023. ECF No. 62. The Chamber of Commerce of the United States of America filed an amicus brief in support of Defendant's motion to dismiss on February 27, 2023. ECF No. 70; *see also* ECF No. 78.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the

---

[4] Plaintiff also states that the BlackRock TDFs "exhibited some modest improvements in subsequent quarters," but "those modest improvements were immaterial in nature and did not negate or diminish the profound breaches of fiduciary duty committed by Defendant[.]" Am. Compl. ¶ 50. Plaintiff also singles out the BlackRock Retirement TDF as "regularly generat[ing] better trailing returns than the two [c]omparator TDFs that also offer a [r]etirement vintage[.]" *Id.* ¶ 44 n.14.

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

"Although the Court is limited to facts as stated in the [c]omplaint, it may consider exhibits or documents incorporated by reference without converting the motion into one for summary judgment."  *Saint Vincent Cath. Med. Ctrs. v. Morgan Stanley Inv. Mgmt. Inc.*, No. 09 Civ. 9730, 2010 WL 4007224, at *3 (S.D.N.Y. Oct. 4, 2010) (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)), *aff'd Pension Ben. Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.* ("*PBGC*"), 712 F.3d 705 (2d Cir 2013); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that courts may consider documents "integral" to a complaint).  Defendant submitted two declarations in support of its motion.  ECF Nos. 64, 82.  Plaintiff does not contest the authenticity of these documents, which are all either referenced in the amended complaint, or relevant and integral to the complaint.

II.     Analysis

"ERISA's central purpose is to protect beneficiaries of employee benefits plans." *PBGC*, 712 F.3d at 715 (citation omitted).  "In pursuit of this goal, ERISA imposes a 'prudent man standard of care' on fiduciaries entrusted with the administration of these plans," *id.* (citing 29 U.S.C. § 1104(a)(1)), which "requires the fiduciar[ies] to act with 'prudence, not prescience,'" *In re SunEdison, Inc. ERISA Litig.*, 331 F. Supp. 3d 101, 108 (S.D.N.Y. 2018) (citation omitted).  ERISA imposes "four distinct, but interrelated duties" on fiduciaries, including the duty of

4

loyalty, the duty of prudence, the duty to diversify investments, and the duty to comply with the provisions of the plan. *PBGC*, 712 F.3d at 715–16; *see also* 29 U.S.C. § 1104(a)(1). Plaintiff alleges that Defendant breached three of these four obligations. Am. Compl. ¶ 78 (citing 29 U.S.C. §§ 1104(a)(1)(A), (B), and (D)).

    A.  Duty of Loyalty Under ERISA

Under ERISA § 404(a)(1)(A), a fiduciary must act for the "exclusive purpose of . . . providing benefits to participants and their beneficiaries[] and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). It requires a fiduciary to act "with an eye single to the interests of the participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982). To plead a duty of loyalty claim under ERISA, a plaintiff must allege facts showing that a fiduciary acted "for the purpose of providing benefits to itself or someone else." *Sacerdote v. NYU*, No. 16 Civ. 6248, 2017 WL 3701482, at *5 (S.D.N.Y. Aug. 25, 2017) (emphasis omitted), *vacated on other grounds*, 9 F.4th 95 (2d Cir. 2021).

Plaintiff does not contest Defendant's argument that Plaintiff "asserts a breach of loyalty [ cause of action] without any supporting facts." Def. Mem. at 26. The Court, therefore, deems Plaintiff's breach of the duty of loyalty claim under ERISA abandoned. *Sullivan v. City of New York*, No. 14 Civ. 1334, 2015 WL 5025296, at *5 (S.D.N.Y. Aug. 25, 2015) (collecting cases). Even if Plaintiff had not abandoned that claim, the Court agrees with Defendant that the amended complaint does not contain sufficient factual allegations to state a claim of breach of the duty of loyalty under ERISA. Am. Compl. ¶ 26 ("Defendant has severely breached its fiduciary dut[y] of . . . loyalty to the Plan.").

Accordingly, Defendant's motion to dismiss Plaintiff's § 404(a)(1)(A) cause of action for failure to state a claim is GRANTED.

B. Duty of Prudence Under ERISA

Under ERISA § 404(a)(1)(B), fiduciaries are required to act

> with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104(a)(1)(B). The prudence of a fiduciary's actions is "judge[d] . . . based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight." *PBGC*, 712 F.3d at 716. A claim for breach of the duty of prudence will "survive a motion to dismiss if the court, based on circumstantial factual allegations, may reasonably infer from what is alleged that the process was flawed" or "that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident." *Sacerdote*, 9 F.4th at 108 (citation omitted); *see also Hughes v. Nw. Univ.*, 142 S. Ct. 737, 742 (2022) (similar).

Defendant argues that Plaintiff "offers no direct allegations of an imprudent fiduciary process, and his circumstantial allegations simply assert that the Plan offered one popular and highly rated TDF that failed to consistently outperform four other popular and highly-rated TDFs and a composite index during some quarters over a narrow range of time." Def. Mem. at 10; *see also id.* at 10–16. Defendant also contends that "Plaintiff has not plausibly alleged that the returns of the comparator TDFs or composite index are reasonable proxies for underperformance." *Id.* at 10; *see also id.* at 16–22.[5] Plaintiff argues that Defendant "attempts to sidestep both ERISA and the applicable standard of review," stating that "[t]he relevant inquiry at this stage is whether it is reasonable to infer that the Plan's fiduciaries failed to engage

---

[5] Defendant argues that the amended complaint "does not establish meaningful underperformance to begin with." Def. Mem. at 10; *see also id.* at 23–26. The Court need not reach this argument to resolve the pending motion.

6

in an appropriate monitoring process to ensure the BlackRock TDFs remained appropriate for the Plan." Pl. Opp. at 4, 17, ECF No. 71; *see also id.* at 6, 19–22.

After a diligent search of the amended complaint, the Court concludes that it does not contain sufficient factual allegations to state a claim of breach of the duty of prudence under ERISA. In so many words, Plaintiff alleges that the BlackRock TDFs underperformed. *See, e.g.*, Am. Compl. ¶¶ 6, 27–29, 36, 41, 46, 48, 50. Allegations of underperformance are insufficient to support Plaintiff's cause of action for breach of the duty of prudence. *PBGC*, 712 F.3d at 718 ("Nor is it necessarily sufficient to show that better investment opportunities were available at the time of the relevant decision."); *see also, e.g.*, *Beldock v. Microsoft Corp.*, No. 22 Civ. 1082, 2023 WL 3058016, at *3 (W.D. Wash. Apr. 24, 2023); *Hall v. Cap. One Fin. Corp.*, No. 22 Civ. 857, 2023 WL 2333304, at *5 (E.D. Va. Mar. 1, 2023); *Locascio v. Fluor Corp.*, No. 22 Civ. 154, 2023 WL 320000, at *6 (N.D. Tex. Jan. 18, 2023); *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1166 (6th Cir. 2022).

Plaintiff states that he "filed an amended complaint . . . [to] squarely address[] any conceivable pleading deficiencies in his initial complaint," and indicates that the amended complaint "states further allegations betraying the imprudence of the BlackRock TDFs . . . , including on the basis of record evidence demonstrating Defendant's deficient monitoring process." Pl. Opp. at 2 n.2. However, Plaintiff provides no facts to support his assertion that "the Plan's fiduciaries failed to engage in an appropriate monitoring process." *Id.* at 17. Although the Court has read the pleadings in the light most favorable to Plaintiff, it cannot reasonably infer an imprudent process based on the allegations in the amended complaint. *PBGC*, 712 F.3d at 718–19 (holding that "allegations must give rise to a reasonable inference that the defendant committed the alleged misconduct, thus permitting the court to infer more than

7

the mere possibility of misconduct" (cleaned up)).  Instead, the amended complaint invites the Court to speculate about, e.g., "performance woes and other issues with the BlackRock TDFs," Am. Compl. ¶ 56, which is impermissible under *Twombly*, 550 U.S. at 555.  These deficiencies pervade other allegations in the amended complaint, including those based on comparators and other performance metrics.  *See, e.g.*, *Locascio*, 2023 WL 320000, at *6.  In other words, Plaintiff's conclusory allegations are insufficient to state a claim.

Accordingly, Defendant's motion to dismiss Plaintiff's § 404(a)(1)(B) cause of action for failure to state a claim is GRANTED.

### C.  Duty to Act in Accordance with Plan Documents Under ERISA

ERISA requires "[e]very employee benefit plan [to] be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), "specify[ing] the basis on which payments are made to and from the plan," *id.* § 1102(b)(4).  Fiduciaries under ERISA § 404(a)(1)(D) must act "in accordance with the documents and instruments governing the plan . . . ."  29 U.S.C. § 1104(a)(1)(D).  Plaintiff alleges that Defendant "fail[ed] to act in accordance with the documents and instruments governing the Plan."  Am. Compl. ¶ 78.

For the same reasons that the Court dismisses Plaintiff's breach of the duty of loyalty claim, the Court shall dismiss Plaintiff's claim that Defendant did not comply with Plan documents.  *Supra* § II.A; *see* Def. Mem. at 26; Am. Compl. ¶ 78; *see also PBGC*, 712 F.3d at 725–26.

Accordingly, Defendant's motion to dismiss Plaintiff's § 404(a)(1)(D) cause of action for failure to state a claim is GRANTED.

D. Additional Claims

Plaintiff's claims for failure to monitor fiduciaries, co-fiduciary breaches, and in the alternative, knowing breach of trust, Am. Compl. ¶¶ 82–93, are derivative of Plaintiff's underlying fiduciary breach claim.  *Gonzalez v. Northwell Health, Inc.*, No. 20 Civ. 3256, 2022 WL 4639673, at *12 (E.D.N.Y. Sept. 30, 2022); *Hall*, 2023 WL 2333304, at *8.  The Court shall, therefore, dismiss these claims.

Accordingly, Defendant's motion to dismiss Plaintiff's failure to monitor fiduciaries, co-fiduciary breaches, and knowing breach of trust causes of action for failure to state a claim is GRANTED.

E. Leave to Amend

Under Rule 15(a)(2), courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Although Rule 15(a) governs the amendment of pleadings, where a scheduling order has been entered, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed."  *In re Adelphia Commc'ns. Corp.*, 452 B.R. 484, 491 (S.D.N.Y. Bankr. 2011) (quotation marks omitted) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007)).  Under Rule 16(b), "a party may obtain a modification of the scheduling order only 'upon a showing of good cause.'"  *Kassner*, 496 F.3d at 243 (quoting Fed. R. Civ. P. 16(b)).  "Yet, when the nonmoving party has failed to demonstrate how it will be prejudiced, the court may permit the amendment."  *Spanierman Gallery v. Merritt*, No. 00 Civ. 5712, 2004 WL 1488118, at *1 (S.D.N.Y. June 30, 2004).

Defendant requests that the amended complaint be dismissed with prejudice. Def. Mem. at 27; *see also* ECF No. 62 at 1. Plaintiff requests leave to amend "[s]hould the Court find the [a]mended [c]omplaint deficient in any manner" "to cure such deficiencies." Pl. Opp. at 7–8 n.6. Plaintiff states that "discovery conducted following the filing of the [a]mended [c]omplaint has further borne out Plaintiff's claims." *Id.*; *see id.* at 30 n.15 (requesting leave to "conform the pleading to the evidence adduced in discovery"). Defendant argues that "Plaintiff has had multiple chances to amend; he should not be afforded another." ECF No. 81 at 15 n.16.

Plaintiff has already amended his complaint once. But, because the deficiencies described in this order might be cured by amendment, Plaintiff may amend his complaint. Accordingly, Defendant's request to dismiss the amended complaint with prejudice is DENIED, and Plaintiff's request for leave to amend is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the amended complaint with prejudice is GRANTED in part and DENIED in part. Plaintiff's amended complaint is DISMISSED without prejudice. By **June 27, 2023**, Plaintiff may file a second amended complaint.

In addition, the case management conference scheduled for June 20, 2023, is ADJOURNED *sine die*.

The Clerk of Court is directed to terminate the motions at ECF Nos. 62, 93, and 94.

SO ORDERED.

Dated: June 13, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge